**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ROOSEVELT SIMMONS,<br><br>　　　　　Petitioner,<br><br>　v.<br><br>DAVID J EBBERT,<br><br>　　　　　Respondent. | CIVIL ACTION NO. 3:14-CV- 01422<br><br>(MUNLEY, J.)<br>(MEHALCHICK, M.J.) |

**REPORT AND RECOMMENDATION**

On July 24, 2014, the Court received and filed a petition for a writ of habeas corpus submitted pursuant to 28 U.S.C. § 2241, signed and dated by Petitioner Roosevelt Simmons on July 22, 2014. (Doc. 1). At the time of filing, Simmons was incarcerated at the United States Penitentiary at Canaan, Pennsylvania.

**I.　BACKGROUND**

Simmons is a federal inmate serving a one-hundred-and-twenty month prison sentence for a conviction of felon in possession of ammunition in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2). (Doc. 7-2, at 40). He is scheduled for good conduct release on November 27, 2016, at which time he will commence a three-year period of supervised release. (Doc. 7-1, at 2).

Simmons filed the instant federal habeas petition, together with a supporting memorandum, on July 22, 2014. (Doc. 1; Doc. 2). In his petition, Simmons does not challenge the validity or imposition of his sentence by the sentencing court, but rather the execution of that sentence by the Bureau of Prisons ("BOP"). Simmons argues that the BOP erred in its determination that his current conviction precludes him from participation in the prison's 500-hour Residential Drug Abuse Program ("RDAP"), making him ineligible for a  sentence

reduction following the successful completion of the RDAP program. Specifically, he insists that the BOP improperly relied on a charge in the indictment of felon in possession of a firearm in making its ineligibility ruling. (Doc. 2).

On October 9, 2014, Respondent filed a response to Simmons's petition for habeas corpus. (Doc. 7). On October 31, 2014, Simmons filed a reply. (Doc. 8). On July 22, 2015, Simmons filed a motion for summary judgment, reiterating the same arguments made in his habeas petition. (Doc. 11). On August 12, 2015, Respondent filed a brief in opposition to the motion for summary judgment. (Doc. 12).[1] Having been fully briefed, these matters are now ripe for disposition.

## II. DISCUSSION

Habeas corpus review under § 2241 "allows a federal prisoner to challenge the 'execution' of his sentence." *Woodall v. Federal Bureau of Prisons,* 432 F.3d 235, 241 (3d Cir. 2005). A habeas corpus petition may be brought by a prisoner who seeks to challenge either the fact or duration of his confinement in prison. *Preiser v. Rodriguez,* 411 U.S. 475 (1973), *Telford v. Hepting,* 980 F.2d 745, 748 (3d Cir.), *cert. denied,* 510 U.S. 920 (1993). Federal habeas relief is available only "where the deprivation of rights is such that it necessarily impacts the fact or length of detention." *Learner v. Fauver,* 288 F.3d 532, 540 (3d Cir. 2002). In the instant habeas petition, Simmons claims that the BOP wrongfully deemed him ineligible to receive an early-release

---

[1] As correctly noted by the Respondent, the Petitioner's motion for summary judgment is not an appropriate dispositive motion in a § 2241 habeas corpus proceeding. (Doc. 12). Moreover, the motion for summary judgment is not supported by a brief as required by Local Rule 7.5 and therefore should be deemed withdrawn. (Doc. 12). Nevertheless, as Petitioner's pending motion for summary judgment goes to the merits of Petitioner's claims, for which this Court is denying relief, it will likewise be denied. *Little v. Martinez*, No. 4:09-CV-481, 2010 WL 334831, at *2 (M.D. Pa. Jan. 21, 2010).

incentive on the basis of an unindicted criminal conviction of felon in possession of a firearm. (Doc. 1, at 2).[2]

The Violent Crime Control and Law Enforcement Act of 1994 (the "Act") amended 18 U.S.C. § 3621 to require the BOP to "make available appropriate substance abuse treatment for each prisoner the [BOP] determines has a treatable condition of substance addiction or abuse." 18 U.S.C. § 3621(b). To fulfill this statutory requirement, the BOP must "provide residential substance abuse treatment" to "eligible prisoners" "subject to the availability of appropriations." 18 U.S.C. § 3621(e)(1). An inmate is "eligible" for a residential substance abuse program if he is "determined by the [BOP] to have a substance abuse problem" and is "willing to participate in a residential substance abuse program." 18 U.S.C. § 3621(e)(5)(B)(i)-(ii). As an incentive for the successful completion of a substance abuse program such as the RDAP, the BOP, in its discretion, *may* grant a qualifying prisoner "convicted of a nonviolent offense" a sentence reduction of up to one year. 18 U.S.C. § 3621(e)(2)(B) ("The period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program may be reduced by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve.").

The BOP is vested with the discretion to manage substance abuse treatment programs, and determine eligibility criteria for participation in those programs. Further, 18 U.S.C § 3621(e)(2)(B) confers upon the BOP discretion to reduce an inmate's sentence, but does not

---

[2] The Court notes that Simmons was determined to be eligible for the RDAP but has not completed the program to date. Simmons specifically contests the BOP's determination that he is eligible to participate in the RDAP but does not qualify for a one-year sentence reduction if he successfully completes the program. (Doc. 8, at 1).

mandate such a reduction. *Lopez v. Davis*, 531 U.S. 230, 244 (2001); *Beckley v. Miner*, 125 F. App'x 385, 388 (3d Cir. 2005) (per curium).

With that regulatory background in mind, Simmons's petition fails for a simple, fundamental reason. Inmates, like Simmons, simply do not have a protected liberty interest in early release under 18 U.S.C. § 3621(e). *Lam v. Hufford*, No. 3:11-CV-1903, 2012 WL 760595, at *4 (M.D. Pa. Feb. 13, 2012) *report and recommendation adopted sub nom.*; *see Douvos v. Quintana*, 382 Fed. App'x 119 (3d Cir. 2009) (per curiam) (no liberty interest in RDAP, thus no cognizable due process claim); *Glenn v. Maiorana*, NO. 4:CV-15-1834, 2015 WL 6787063 (M.D. Pa. Nov. 6, 2015) (same); *Catching v. Warden*, NO. 3:CV-15-1455, 2015 WL 6460078 (M.D. Pa. Oct. 26, 2015); *Magnin v. Beeler*, 110 F. Supp. 2d 338 (D.N.J. 2000) (same); *see also Beckley*, 125 Fed. App'x at 388 (no habeas jurisdiction over RDAP challenge because early release was discretionary); *Lam v. Hufford*, Civil No. 3:11-CV-1903, 2012 WL 760595 (M.D. Pa. Feb. 13, 2012) (same). Indeed, even if Simmons completed the RDAP to perfection, the BOP would still be afforded complete discretion to require Petitioner to serve his full sentence. *Beckley*, 125 F. App'x at 388 (citing *Leamer v. Fauver,* 288 F.3d 532, 543 (3d Cir. 2002)).

Thus, Simmons is not contesting "the validity of the continued conviction[,] or the fact or length of a sentence," but rather, is challenging a condition of his confinement, as the relief sought—the opportunity for a discretionary sentence reduction— would not alter Petitioner's sentence or undo his conviction. *Beckley*, 125 F. App'x at 388 ("The opportunity here to participate in a program that carries with it only the potential for a discretionary sentence reduction is fundamentally different than incentive systems . . . where an inmate [is] entitled to earn and redeem good behavior credits which directly impact[ ] sentence length.").

Accordingly, the Court lacks habeas corpus jurisdiction to review the petition. *Beckley*, 125 F. App'x at 388.[3]

### III. RECOMMENDATION

Based on the foregoing, it is recommended that the petition (Doc. 1) and motion for summary judgment (Doc. 11) be **DENIED** and **DISMISSED WITH PREJUDICE** on the merits. It is further recommended that the Court decline to issue a certificate of appealability, as the Petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

**BY THE COURT:**

**Dated: December 4, 2015**          *s/ Karoline Mehalchick*
                                     **KAROLINE MEHALCHICK**
                                     **United States Magistrate Judge**

---

[3] While the Court need not address it, Simmons mischaracterizes the BOP's ineligibility ruling as based on an improper determination that he was convicted of felon in possession of a firearm, which precludes him from a sentence reduction following successful completion of the RDAP, rather than his actual conviction of felon in possession of ammunition in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2). The BOP issued Program Statement 5162.05, which provides that "[a]ll offenses under 18 U.S.C. § 922(g) shall preclude an inmate from receiving certain Bureau program benefits," such as eligibility for early release. "Expressly included within the offenses under 18 U.S.C. § 922(g) is felon in possession of ammunition." *McIntire v. Smith*, No. CV-11-0895-PHX-FJM, 2012 WL 1392521, at *2 (D. Ariz. Apr. 23, 2012); *see* 18 U.S.C. § 922(g) ("It shall be unlawful for any person . . . who has been convicted in any court of[ ] a crime punishable by imprisonment for a term exceeding one year . . . [to] possess . . . any firearm or *ammunition*.") (emphasis added). Thus, the BOP acted within its discretion and in accordance with its program statement in finding that Simmons was ineligible for a sentence reduction due to his current conviction of felon in possession of ammunition.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROOSEVELT SIMMONS,<br><br>            Petitioner,<br><br>v.<br><br>DAVID J EBBERT,<br><br>            Respondent. | CIVIL ACTION NO. 3:14-CV- 01422<br><br>(MUNLEY, J.)<br>(MEHALCHICK, M.J.) |

## NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **December 4, 2015**. Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636(b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

**Dated: December 4, 2015**　　　　　　　　　　　　　　　*s/ Karoline Mehalchick*
　　　　　　　　　　　　　　　　　　　　　　　　　　　　**KAROLINE MEHALCHICK**
　　　　　　　　　　　　　　　　　　　　　　　　　　　　**United States Magistrate Judge**