# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ROOSEVELT SIMMONS,           :    No. 3:14cv1422
    Petitioner           :
                               :    (Judge Munley)
    v.                   :
                                 :    (Magistrate Judge Mehalchick)
DAVID J. EBBERT,             :
    Respondent           :
::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## MEMORANDUM

Before the court for disposition is Magistrate Judge Karoline Mehalchick's report and recommendation (hereinafter "R&R"). (Doc. 15). The R&R proposes denying the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner Roosevelt Simmons (hereinafter "Simmons") filed an objection to the R&R (Doc. 18), and it is ripe for disposition.

**Background**

Simmons is a federal inmate serving a 120 month prison sentence for a conviction for felon in possession of ammunition in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2). (Doc. 7-2, at 40). Simmons is scheduled for good conduct release on November 27, 2016, at which time he will commence a three-year period of supervised release. (Doc. 7-1, at 2).

On July 22, 2014, Simmons filed a petition for a writ of habeas

corpus pursuant to 28 U.S.C. § 2241.  (Doc. 1).  At that time, he was incarcerated at the United States Penitentiary at Canaan, Pennsylvania.  Simmons does not challenge the validity or imposition of his sentence by the sentencing court, but rather the execution of his sentence by the Bureau of Prisons (hereinafter "BOP").  (Docs. 1, 18).   Simmons only objects to the BOP's determination that his current conviction precludes him from benefitting from a sentence reduction for successful completion of the prison's 500-hour Residential Drug Abuse Program (hereinafter "RDAP") under 18 U.S.C. § 3621(e).  Simmons asserts that if he would qualify for a sentence reduction, he would successfully complete RDAP.

Respondent filed his response to Simmons's petition on October 9, 2014.  (Doc. 7).  Simmons filed a reply on October 31, 2014.  (Doc. 8).  On July 22, 2015, Simmons filed a motion for summary judgment.  (Doc. 11).  On August 12, 2015, respondent filed a brief in opposition to Simmons's motion.  Magistrate Judge Mehalchick filed her R&R on December 4, 2015, recommending that we dismiss the petition for lack of habeas jurisdiction.  (Doc. 15).  Simmons filed objections on February 5, 2016.  (Doc. 18).  Respondent filed an opposition brief on February 19, 2016, which renders the matter ripe for our decision.  (Doc. 19).

**Jurisdiction**

Because this case is brought pursuant to 28 U.S.C. § 2241, the court has jurisdiction pursuant to 28 U.S.C. § 1331.  ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").

**Standard of Review**

In disposing of objections to a magistrate judge's report and recommendation, the district court must make a de novo determination of those portions of the report against which objections are made.  28 U.S.C. § 636(b)(1)(c); see also Sullivan v. Cuyler, 723 F.2d 1077, 1085 (3d Cir. 1983).  The court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  Henderson v. Carlson, 812 F.2d 874, 877 (3d Cir. 1987).  The district court judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.  Id.

A *pro se* pleading is held to less stringent standards than more formal pleadings drafted by lawyers.  Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972).  A habeas petition and any supporting submissions filed *pro se* must be construed liberally and

with a measure of tolerance.  See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney Gen., 878 F.2d 714, 721-22 (3d Cir. 1989).

**Discussion**

Petitioner Simmons seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ("Section 2241").  That statute "confers jurisdiction on district courts to issue writs of habeas corpus in response to a petition from a state or federal prisoner who is in custody in violation of the Constitution or laws or treaties of the United States." Coady v. Vaughn, 251 F.3d 480, 484 (3d Cir. 2001) (internal quotations omitted).  The federal habeas statute also requires that the petitioner be in custody "under the conviction or sentence under attack at the time his petition is filed." Lee v. Stickman, 357 F.3d 338, 342 (3d Cir. 2004) (quoting Maleng v. Cook, 490 U.S. 488, 490-91 (1989)).

Section 2241, unlike other federal habeas statutes, "confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence." Coady, 251 F.3d at 485. (quoting 28 U.S.C. §§ 2241(a) and (c) (3)).  Although the Third Circuit has yet to define clearly the meaning of "execution" in this context, it has cited approvingly holdings from other circuits finding that a Section 2241 motion

properly challenges "'such matters as the administration of parole, computation of a prisoner's sentence by prison officials, prison disciplinary actions, prison transfers, type of detention and prison conditions.'" Woodall v. Fed. Bur. of Prisons, 432 F.3d 235, 242 (3d Cir. 2005) (quoting Jimian v. Nash, 245 F.3d 144, 147 (2d Cir. 2001)).

In the instant petition, Simmons claims that the BOP improperly disqualified him from receiving an early-release incentive on the basis of an unindicted criminal charge of felon in possession of a firearm.  (Doc. 1 at 2).  Simmons was deemed eligible for RDAP, but has not completed the program to date, and, in fact, has told a prison counselor that he had no interest in participating in RDAP unless it will result in early release.  (Doc. 7-1, Decl. of Michael Figgsganter at 7).

After careful and thorough analysis, Magistrate Judge Mehalchick found that the BOP had not abused its discretion in its determination that Petitioner Simmons is ineligible for early release.  (Doc. 15, R&R at 3-5). "Inmates, like Simmons, simply do not have a protected liberty interest in early release under 18 U.S.C. § 3621(e)."  (Id. at 4 (citations omitted)).  As the grant of early release upon completion of RDAP is entirely within the discretion of the BOP, Simmons has raised no challenge to "the validity of

5

the continued conviction[,] or the fact or length of a sentence," because the relief he seeks would not alter his sentence or undo his conviction.  (Id.)

After a de novo review, we agree with Magistrate Judge Mehalchick's conclusions.  As previously stated, inmates like petitioner do not have a protected liberty interests in early release.  Lam v. Hufford, No. 3:11-CV-1903, 2012 WL 760595, at *4 (M.D. Pa. Feb 13, 2012); see also Douvos v. Quintana, 382 F. App'x 119 (3d Cir. 2009) (per curiam) (no liberty interest in RDAP, thus no cognizable due process claim).  Further, petitioner's objections fail to identify any specific conclusion in the R&R to which he objects other than its ultimate conclusion that his petition be dismissed. (Doc. 18).  Simmons's objections rehash his original arguments, and provide no grounds for rejecting the magistrate judge's recommendations. Thus, we decline to do so, and will find that we lack habeas corpus jurisdiction to review the instant petition.

**Conclusion**

For the reasons stated above, the court will overrule petitioner's objection and adopt the R&R, denying the instant petition.  An appropriate order follows.

**Date: April 18, 2016**                                **s/ James M. Munley**
                                                        **JUDGE JAMES M. MUNLEY**
                                                        **United States District Court**